UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSON,

    Plaintiff,

v.

    Case No. 1:25-cv-192

    Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Jeffery Jackson, proceeding pro se and in forma pauperis, filed this lawsuit against Defendants the Michigan Department of Health and Human Services ("MDHHS") and the "Kent County DHHS Office." (Compl., ECF No. 1.) While the name "Kent County DHHS Office" is ambiguous, as it could potentially refer to the Kent County Department of Health, the substance of the complaint indicates that Jackson is attempting to sue the MDHHS as a whole and the MDHHS office located in Kent County. (*Id.* ¶¶ 9-14 (explaining that the lawsuit stems from Jackson seeking state-provided food assistance benefits at the "Kent County MDHHS").) Because it is MDHHS—not the Kent County Department of Health—that provides the expedited food assistance program that appears to be the subject of Jackson's claims, and his interactions with employees at the MDHHS office in Kent County form the basis of his lawsuit, the Court construes Jackson's lawsuit as claims against the MDHHS as a whole and the MDHHS office that is located in Kent County.

Jackson asserts Defendants violated his procedural due process rights, the Administrative Procedure Act, and "Federal Welfare Program Laws" by initially denying—and subsequently

granting—his request for expedited food assistance benefits. He also claims Defendants violated the Constitution by providing benefits in illegal fiat currency rather than specie currency. Before the Court are Magistrate Judge Vermaat's report and recommendation ("R&R") (ECF No. 6) and Jackson's objection to the R&R (ECF No. 7). Magistrate Judge Vermaat recommends that the Court dismiss Jackson's complaint. The Court agrees with Magistrate Judge Vermaat, although it takes a different approach in its reasoning.

Jackson's claims arise from requesting seven-day expedited food assistance at an unspecified MDHHS office located in Kent County. (Compl. ¶ 9.) Jackson suggests that MDHHS arbitrarily and capriciously denied his request due to an undisclosed qualification threshold. (*Id.* ¶ 10.) After Jackson challenged the denial, MDHHS reversed its decision and Jackson received the benefits. (*Id.* ¶ 11.) Jackson also requested the written policy used to justify his denial. (*Id.* ¶ 12.) MDHHS allegedly refused to provide documents outlining the policy. (*Id.* ¶ 13.) Jackson suggests this interaction violates his procedural due process rights and the Administrative Procedure Act.[1] (*Id.*) He also claims that MDHHS must provide benefits in gold or silver coin rather than fiat currency. (*Id.* ¶ 14.)

In the R&R, Magistrate Judge Vermaat recommends dismissal, stating Jackson failed to allege an injury in fact and therefore does not have standing. (R&R 2-3.) Jackson's objection provides arguments in support of his pleading and the legal basis for his claims. In his objection, Jackson argues his claims satisfy justiciability thresholds.

Construing his complaint liberally, Jackson alleges he was deprived of a property interest when MDHHS initially denied him benefits that he was entitled to receive, and did so without

---

[1] Jackson cites to the federal Administrative Procedure Act (Compl. ¶ 17), which only applies to federal agencies. 5 U.S.C. § 701(b). The Court will analyze his claim under Michigan's Administrative Procedures Act. Mich. Comp. Laws § 24.201 et seq.

adequate process. For "procedural-due-process claims . . . the allegedly infirm process is an injury in itself." *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016) (internal punctuation and citation omitted).

While the allegations suffer from imprecision, it is plausible that Jackson's procedural due process rights were violated in the moment MDHHS denied his initial request for expedited benefits. *Merck v. Walmart, Inc.*, 114 F.4th 762, 780 (6th Cir. 2024) (holding that a plaintiff can "derive constitutional standing from . . . the right that individuals possess to adequate procedure prior to the deprivation of" a property interest). Jackson alleges he was deprived of a property interest prior to adequate procedure. (Compl. ¶¶ 10-14.) Even if the decision was subsequently reviewed, he pleads an initial injury; when an initial government action deprives a plaintiff of a property interest without adequate process, but the plaintiff subsequently receives a proper hearing prior to filing suit, there is an injury in fact, but the procedural due process claim is moot. *Hudson v. Michigan*, No. 1:06-cv-799, 2007 WL 1295854, at *4 (W.D. Mich. Apr. 30, 2007); *see also Am. Premier Underwriters*, 839 F.3d at 461 ("Even if the entity sued has not yet reached a 'final decision' on the underlying substantive issues, a plaintiff has reason to know of its procedural-due-process claim at the moment process is denied."). Because Jackson eventually received an adequate hearing, his procedural due process claim is moot, so the Court lacks jurisdiction over it. *Hudson*, 2007 WL 1295854, at *4. But, Jackson's lawsuit also suffers from additional jurisdictional deficiencies.

Jackson is suing the MDHHS and an MDHHS office in Kent County. As arms of the state, Defendants are entitled to Eleventh Amendment immunity. *LIUNA v. Neff*, 29 F.4th 325, 330 (6th Cir. 2022) (citing *Mt. Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). "[T]he Eleventh Amendment is a true jurisdictional bar that courts can . . . raise *sua sponte* at any stage

in litigation . . . ." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2017). "The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Because the Michigan Administrative Procedures Act prevents judicial review of intermediate action when review of the agency's final decision would provide an adequate remedy (as is the case here, given the agency action Jackson challenges was subsequently reviewed), Mich. Comp. Laws § 24.301, the State has not waived its immunity for his claims based on the alleged arbitrary and capricious nature of MDHHS's initial food assistance decision. Nor has the State waived its immunity for the claim regarding specie currency. Thus, the Eleventh Amendment bars this lawsuit and Jackson's complaint will be dismissed.

Even if not barred by Eleventh Amendment immunity, Jackson fails to state a claim. His procedural due process claim is moot. And, as indicated above, the Michigan Administrative Procedures Act does not provide judicial review for this intermediate decision. *Id.* Even if construed as a challenge to the final agency action, in which Jackson received his benefits, the Michigan Administrative Procedures Act bars this claim as well; Jackson was no longer aggrieved once he received the benefits. *Id.*; *Hum. Rts. Party v. Mich. Corrs. Comm'n*, 256 N.W.2d 439, 443 (Mich. Ct. App. 1977) (internal citation omitted) (holding that a party is only aggrieved—and thus entitled to judicial review of agency action—when the decision "injuriously affect[s]" a legal interest).

Jackson's other claims face a similar fate. He does not satisfy the heightened pleading requirements for his fraud-related claims, failing to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were

4

made, and (4) explain why the statements were fraudulent." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 614-15 (6th Cir. 2024). Alleging falsities does not amount to alleging fraud. *Id.* at 615. Additionally, his Civil Rights Act claim is based on hypothetical injury rather than concrete and particularized harm—as is required. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). And his claim regarding the unlawfulness of the currency MDHHS uses to provide benefits is frivolous. *See, e.g.*, *United States v. Whitesel*, 543 F.2d 1176, 1181 (6th Cir. 1976) (explaining that claims challenging the government's monetary system are "clearly frivolous"). Despite liberal construction to accommodate his pro se status, Jackson's complaint will be dismissed. And the Court is unpersuaded by the legal arguments Jackson relies upon in his objection to assert a right to judicial review for these claims. Given the lack of case or controversy, Defendants' immunity, and the frivolous nature of the claims, the Court will certify that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Vermaat's Report and Recommendation (ECF No. 6) is **ACCEPTED IN PART** with respect to the conclusion to **DISMISS**. The Court applies the reasoning as outlined in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 7) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: April 28, 2025 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE